UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA STONE, | |
| Plaintiff, | 19-CV-8264 (CM) |
| -against- | TRANSFER ORDER |
| WILLIAM ELMORE, individually and in his capacity as a manager and investment advisor with Oppenheimer and Co., | |
| Defendants. | |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Barbara Stone, appearing *pro se* and having paid the filing fees, purports to bring this action on behalf of herself and her elderly mother, Helen Stone. She asserts claims arising out of her mother's guardianship proceedings held in Miami-Dade County, Florida, and invokes a litany of federal civil and criminal statutes, including 42 U.S.C. §§ 1983, 1985, and 1986; the American with Disabilities Act (ADA) of 1990, 42 U.S.C. § 12191 *et seq*; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. Plaintiff names as Defendants William Elmore, a financial advisor with Oppenheimer Holdings Inc. (Oppenheimer) in Florida, along with Oppenheimer and its CEO and directors. For the following reasons, this action is transferred to the United States District Court for the Southern District of Florida.

**DISCUSSION**

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In actions asserting civil RICO claims, venue is governed by 18 U.S.C. § 1965(a), which states that the action must be brought "in the district court of the United States for any district in which [a RICO defendant] resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). For venue purposes, a "natural person" resides in the district where the person is domiciled, 28 U.S.C. § 1391(c)(1), and "an entity with the capacity to sue and be sued . . . , whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question," 28 U.S.C. § 1391(c)(2).

Plaintiff, a resident of Florida, filed this complaint regarding events occurring in Florida and generally asserts claims against Elmore, who resides in Florida. She also names Oppenheimer and its CEO and directors as Defendants, and asserts that they are located in New York. Because Plaintiff does not allege that all of the defendants are residents of New York or that a substantial part of the events or omissions underlying her claim arose in this district, venue does not appear to be proper in this Court under § 1391(b)(1) or (2). But, as Plaintiff asserts that a number of the defendants reside in this district, venue appears to be proper in this Court under 18 U.S.C. § 1965(a).

Even though venue appears to be proper here, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the

burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA*., 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Florida, where a substantial part of the events or omissions underlying Plaintiff's claims arose, where Elmore resides, and where both documentary evidence and witnesses are likely to be found. Venue is therefore proper in the Southern District of Florida. *See* 18 U.S.C. § 1965(a), 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes

that it is in the interest of justice to transfer this action to the United States District Court for the

Southern District of Florida. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and note service on the

docket.[1] The Clerk of Court is further directed to transfer this action to the United States District

Court for the Southern District of Florida. A summons shall not issue from this Court. This order

closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    September 17, 2019
          New York, New York

_____
          COLLEEN McMAHON
          Chief United States District Judge

---

[1] Plaintiff has consented to receive electronic service. (ECF No. 3.)

4